21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LOU'S PRODUCE, INC. Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LOU'S PRODUCE, INC., Respondent.
 Nos. 92-70715, 92-70755.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1994.
March 31, 1994.
 
 Before: FLETCHER, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lou's Produce (the "company") seeks review of a National Labor Relations Board's order finding it in violation of sections 8(a)(1) and (5) of the National Labor Relations Act. The Board has filed a cross-petition for enforcement. We will uphold the NLRB's decision if its findings of fact are supported by substantial evidence and it correctly applied the law. NLRB v. O'Neill, 965 F.2d 1522, 1526 (9th Cir.1992).
 
 
 3
 A. The Board correctly found the company's employee poll illegal. Section 8(a)(1) requires that the union be notified of the time and place of such a poll, Mingtree Restaurant, Inc. v. NLRB, 736 F.2d 1295, 1299 (9th Cir.1984), and that it be conducted by secret ballot, id. at 1297-99; Struksnes Construction Co., 165 NLRB 1062, 1063 (1967). The company violated section 8(a)(1) by not complying with these safeguards.
 
 
 4
 B. Substantial evidence also supports the Board's finding that the company violated sections 8(a)(1) and (5) by unilaterally changing employment conditions and withdrawing recognition from the union. The company admits to ceasing pension fund contributions after the collective bargaining agreement expired. But, as the Board found, there was no impasse to justify this action. See NLRB v. Carilli, 648 F.2d 1206, 1214 (9th Cir.1981) ("[E]mployer is required to maintain ... status quo following the expiration of collective bargaining agreement until the parties negotiate a new agreement or bargain in good faith to impasse."). Nor could it have been taken in response to the union's renewal claim: As the Board found, the company ceased making these payments before any mention of automatic renewal. ER 15 n. 4.
 
 
 5
 In addition, the company had no justification for halting its health care contributions and unilaterally implementing a new health insurance plan through Kaiser. Again, no impasse had been reached. Carilli, 648 F.2d at 1214. Nor did the union's declaration of renewal constitute bad faith bargaining so as to allow the company to make such a unilateral change: At the same time it was declaring the old contract had rolled over, the union was continuing its attempt to resolve the health care issue with the company. Cf. Inland Tugs v. NLRB, 918 F.2d 1299, 1308 (7th Cir.1990).
 
 
 6
 C. These actions by the company, along with its statements to Union Agent Plumos that it wished to get rid of the union, ER 15-16, are enough to support the Board's finding that it unlawfully withdrew recognition from the union in violation of sections 8(a)(1) and (5).
 
 
 7
 D. We find no impermissible variance between the charge and the complaint. The complaint allegations either stemmed directly from the charge or were "closely related" to violations set forth therein. See NLRB v. Hotel Conquistador, Inc., 398 F.2d 430, 433-34 & n. 4 (9th Cir.1968). In addition, there's no possibility of prejudice from lack of notice: that's the function of the complaint, not the charge. Sonicraft, Inc., 295 NLRB 766, 766 n. 2 (1989), enforced, 905 F.2d 146 (7th Cir.1990).
 
 
 8
 E. Finally, we cannot agree with the company that the make-whole remedy ordered here is punitive. It appropriately requires that the company "repay what it has unlawfully withheld," and "continue such payments until [it] negotiates in good faith to a new contract or impasse." Carilli, 648 F.2d at 1217. And, contrary to the company's claim, there was no bad faith bargaining on the part of the union that might render this remedy inappropriate. Cf. Rayner v. NLRB, 665 F.2d 970, 976-78 (9th Cir.1982).
 
 
 9
 PETITION FOR REVIEW DENIED; CROSS-PETITION FOR ENFORCEMENT GRANTED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3